IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **INTERNET MEDIA INTERACTIVE CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**ACE HARDWARE CORPORATION,**<br><br>Defendant. | **Civil Action No.:**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Internet Media Interactive Corporation ("IMIC") makes the following claims for relief against Defendant Ace Hardware Corporation ("Ace" or "Defendant") as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 et seq. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

### PARTIES AND PATENT

2. Plaintiff IMIC is a Delaware corporation with its principal place of business at 625 Barksdale Professional Center, Suite 113, Newark, Delaware 19711.

3. IMIC owns and has all right, title and interest in United States Patent No. 6,049,835 ("the '835 Patent"), entitled "System For Providing Easy Access To The World Wide Web Utilizing A Published List Of Preselected Internet Locations Together With Their Unique Multi-Digit Jump Codes," which issued on April 11, 2000. Hence, IMIC has the exclusive right to license and enforce the '835 Patent and to collect damages for infringement. IMIC, thus, has standing to sue for infringement of the '835 Patent. A copy of the '835 Patent is attached as

Exhibit A. The '835 Patent is generally directed to a system and method for quickly and easily accessing preselected desired addresses or URLs on the Internet.

4. Ace Hardware Corporation ("Ace") is a corporation organized under the laws of the State of Delaware with Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its registered agent. Ace's principal place of business is at 2200 Kensington Court, Oak Brook, Illinois 60523.

5. Upon information and belief, Ace owns, provides and operates the website www.acehardware.com and related URLs and also distributes advertisements instructing recipients to enter a code.

6. Upon information and belief, Ace operates the account "@AceHardware" on Twitter, found at https://twitter.com/AceHardware.

## JURISDICTION AND VENUE

7. IMIC's claim for patent infringement against Ace arises under the patent laws of the United States including 35 U.S.C. §§271 and 281. Consequently, this Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§1331 and 1338.

8. Defendant is subject to the specific personal jurisdiction of the Court because its headquarters is in Illinois, it is registered to do business in Illinois and, among other things, they have committed acts within Illinois and this judicial district giving rise to this action, and they have minimum contacts with the forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice, as shown by, for example, directing advertisements at residents of Illinois.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## DEFENDANTS' ACTS OF PATENT INFRINGEMENT

10. Defendant publishes ads on Twitter, also known as "Tweets," with shortened links that contain multi-digit jump codes.

11. Each shortened link corresponds to a preselected internet location selected by Defendant.

12. Upon information and belief, Defendant contracts with the domain http://bit.ly ("bit.ly"), provided by Bitly, Inc. to create shortened links which contain multi-digit jump codes.

13. Each shortened link with a multi-digit jump code contains a predetermined internet location, bit.ly.

14. Bit.ly receives the jump code once a user clicks the shortened link in the tweet.

15. Bit.ly converts the jump code to a URL address corresponding to different websites.

16. Thereafter, bit.ly automatically accesses said websites.

17. Defendant has directly infringed and continues to directly infringe at least claim 11 of the '835 Patent because Defendant receives a benefit upon performance of the steps of the patented method, and establishes the manner or timing of that performance.

18. Ace has had knowledge of the '835 Patent since at least as of the filing date of this Complaint.

19. Such infringing activities have damaged IMIC. IMIC is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

20. Defendant's infringement has injured and will continue to injure IMIC, unless and until this Court enters an injunction prohibiting further infringement of the '835 Patent.

## PRAYER FOR RELIEF

WHEREFORE, IMIC asks this Court to enter judgment against Defendant and against its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate IMIC for the infringement that has occurred, together with prejudgment interest from the date infringement of the '835 Patent began;

B. An award to IMIC of all remedies available under 35 U.S.C. § 284;

C. An award to IMIC of all remedies available under 35 U.S.C. § 285;

D. A permanent injunction under 35 U.S.C. § 283 prohibiting further infringement of the '835 Patent; and

E. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

IMIC demands a trial by jury on all issues so triable.

Dated: December 4, 2015    Respectfully submitted,

*/s/ Timothy J. Haller*
Timothy J. Haller
Ryan K. Dooley
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
haller@nshn.com
rdooley@nshn.com

*Attorneys for Plaintiff,*
*Internet Media Interactive Corporation*